UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| OLABISI NARD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 3:16-CV-861 JD |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Olabisi Nard, a *pro se* prisoner, filed an amended habeas corpus petition challenging his conviction and 40 year sentence on June 30, 2003, in the Allen County Superior Court under cause number 02D04-0205-FA-0054 for attempted murder. ECF 4.

I. BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, Nard does not dispute the Court of Appeals of Indiana's summary:

> On May 27, 2002, the State filed an Information, charging Nard with attempted murder. Nard was subsequently convicted and is currently serving a forty year sentence in Westville Correctional Facility, Indiana. In 2015, Nard filed a verified petition for writ of habeas corpus arguing that confinement was in violation of his rights under the Fifth and Fourteenth Amendment of the United States Constitution because he was charged by information rather than being indicted by a grand jury. On July 16, 2015, the trial court denied Nard's habeas corpus petition, holding that under Indiana Code section 35-34-1-1 the State may bring charges via indictment or information.

*Nard v. State*, Cause No. 46A04-1508-MI-1147, slip op. at *2-3 (Ind. Ct. App. May 20, 2016); ECF 7-11. The Court of Appeals of Indiana affirmed the denial of Nard's state habeas petition. ECF 7-11. On August 25, 2016, the Indiana Supreme Court denied Nard's petition for transfer. ECF 7-8 at 1.

On January 16, 2017, Nard signed and placed in the prison mailing system this amended petition for writ of habeas corpus. ECF 4 at 5. In it, Nard raises the same issue he raised in his state habeas proceedings: whether Indiana's charging statute violates the Fifth Amendment of the United States Constitution.

## II. STANDARD FOR HABEAS REVIEW

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (quotation marks and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods,* 135 S.Ct. at 1376 (quotation marks and citations omitted).

Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

### III. ANALYSIS

Nard argues that the State of Indiana's statutory procedure authorizing the State to file criminal charges by indictment or information violates his rights under the Fifth Amendment. The Court of Appeals of Indiana addressed this claim during his state habeas appeal:

> We note that Indiana Code section 35-34-1-1 states: "[A]ll prosecutions of crimes shall be brought in the name of the state of Indiana. Any crime may be charged by indictment or information." Indiana Code section 35-34-1-2 then provides, in detail, the contents, necessary requirements, and form of an indictment or information. Subsection (b) states that an indictment

3

> shall be signed by the foreman or five members of the grand jury, and the prosecuting attorney. In contrast, the same subsection provides that an information shall be signed by the prosecuting attorney or his deputy and sworn to or affirmed by him or any other person.
>
> Nard maintains that prosecution by indictment protects an individual's Fifth Amendment right since prosecution is done by a "neutral body," a grand jury; whereas prosecution by information is done by "prosecutors [] who are not clearly [] neutral." (Appellant's Br. P. 5).
>
> In *Beverly v. State*, 543 N.E.2d 1111, 1116 (Ind. 1989), our supreme court held that the federal constitutional provision requiring grand juries is not applicable to the states and the states may initiate criminal prosecutions by information. Therefore, the procedure by which Nard was charged has been deemed constitutional. The lack of review of charges by a grand jury does not show purposeful discrimination for purposes of establishing an equal protection claim. *See Townsend v. State*, 533 N.E.2d 1215, 1221-1222 (Ind. 1989).
>
> In light of the above, the trial court correctly denied Nard's habeas corpus petition since he was properly charged by information pursuant to Ind. Code § 35-34-1-1. As such, Nard is not being held illegally.

ECF 7-11 at 4, 5.

*Nard v. State*, 46A04-1508-MI-1147, slip op. pp. 4-5 (Ind. Ct. App. May 20, 2016); ECF 7-11.

Nard does not explain how the Indiana Courts misapplied the Fifth Amendment. Nevertheless, the court will examine if the Court of Appeals of Indiana made an unreasonable application of law. For purposes of granting habeas corpus relief, an unreasonable application of law "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods,* 135 S.Ct. at 1376. The state court's application of the law must be "so lacking in justification that there was an error well understood

4

and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Here, the Court of Appeals' determination that Nard was not entitled to an indictment by a grand jury was not objectively unreasonable. The Fifth Amendment provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. Although the Fifth Amendment requires indictment by a grand jury in felony cases, it is well settled that this requirement only applies to prosecutions by the Federal Government and does not apply to state prosecutions. *Hurtado v. California*, 110 U.S. 516 (1884); *see also Alexander v. Louisiana*, 405 U.S. 625 (1972). Thus, the Court of Appeals of Indiana was well within its bounds when it concluded that Indiana's charging scheme[1] was constitutional. *See e.g., Mogollan v. Meloy,* Nos. 94-3207, 95-1443, 1996 WL 89221, at *2 (7th Cir. Feb. 29, 1996) (noting that Indiana Code § 35-34-1-1 is constitutional) ; *See also Chatfield v. Richards*, 739 F. Supp. 1262 (N.D. Ind. 1990) (noting that Indiana's statutory procedure authorizing the State to file criminal charges by indictment or information does not violate the Fifth Amendment); *see also Resnover v. Pearson*, 754 F. Supp. 1374 (N.D. Ind. 1991) (explaining that being charged by information pursuant to Indiana Code § 35-34-1-1 does not provide a basis to obtain habeas relief).

---

[1]"No matter how a state chooses to charge a criminal defendant, the due process clause requires that a criminal defendant receive 'notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge.'" *Bae v. Peters*, 950 F.2d 469, 478 (7th Cir. 1991) (*citing Cole v. Arkansas*, 333 U.S. 196, 201 (1948)). Though Nard complains about Indiana's statutory scheme allowing him to be charged by way of an information, he makes no showing that he did not receive adequate notice of the charges against him or have sufficient opportunity to defend himself. *Id.*; See ECF 1 at 44.

5

Accordingly, Nard has not shown that the decision of the Court of Appeals of Indiana "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Therefore he is not entitled to habeas corpus relief.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Nard to proceed further. Thus, a certificate of appealability must be denied.

## V. CONCLUSION

Accordingly, the amended habeas petition is DISMISSED and a certificate of appealability is DENIED.

SO ORDERED on March 21, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court

6